IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT ZOBITZ,

       **Plaintiff,**

vs.                                                                    Civ. No. 04-1161 RHS

**JOANNE B. BARNHART,**
**Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing ("Motion") **[Doc. 11]**, filed March 29, 2005. Plaintiff, Robert Zobitz, seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income benefits ("SSI"). The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. at 4-6.) Thus, the Commissioner's decision became final.

    2. On December 31, 2001,[1] Plaintiff applied for benefits, alleging a disability which commenced November 19, 2001 due to a "lost ring finger on right hand[,] pain in other fingers [and] slow to learn." (Tr. at 49-51, 58.) Plaintiff was born on August 2, 1955, has a GED and attended two years of college classes in forest harvesting and diesel mechanics. (Tr. at 49, 64,

---

    [1]The Administrative Law Judge ("ALJ") stated that Mr. Zobitz filed his application on December 12, 2001. (Tr. at 15.) Mr. Zobitz's supporting memorandum and the Commissioner's response brief cite to the Application for Supplemental Security Income (tr. at 49-51) and a Disability Determination form (tr. at 29) as the bases for this date. (See Memorandum in Support of Motion ("Memo") **[Doc. 12]** at 1; Defendant's Response to Plaintiff's Motion ("Response") **[Doc. 13]** at 1.) However, Mr. Zobitz's application, the Disability Report Adult, and the initial and reconsideration disability determination forms all indicate that Mr. Zobitz filed his application on December 31, 2001. (See 49-51, 57-66, 28, 29.)

205.) Plaintiff has worked in the past as a day laborer and in roofing and mechanics. (Tr. at 59, 205.)

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

4. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. § 423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

5. At the first four levels of the evaluation, the claimant must show: (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past. At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

6. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (I) the Vocational Expert's ("VE's") testimony does not provide substantial evidence to support the

ALJ's determination, and (II) the ALJ failed to make a proper Residual Functional Capacity ("RFC") finding. (See Memo at 4, 8.)

7. Plaintiff claims that his ability to work is limited because he "can[no]t hold tools, [such as a] hammer." (Tr. at 58.) On June 28, 2002, Plaintiff alleged that his fingers were "getting weaker and stiffer," and that he was having low back pain. (Tr. at 77.) Plaintiff testified that he experiences dizzy spells and has difficulty opening jars. (Tr. at 209.) He is able to bathe and dress himself, "wash a little bit of dishes," and "do the shopping that I need at the store." (Tr. at 209, 210.)

8. The ALJ found that Plaintiff's "status post amputation of the right forefinger [sic]; . . . . alcoholism; a learning disorder; . . . antisocial personality disorder; . . . mild arthritis of the back and hands; and possible history of Hepatitis C, [are] impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the [listed] impairments." (Tr. at 16-17.) The ALJ determined that while Plaintiff is "capable of performing a significant range of light work[,] . . . . [his] ability to perform all or substantially all of the requirements of light work is impeded by additional exertional and/or non-exertional limitations." (Tr. at 19.) At step five, the ALJ concluded that Plaintiff was not disabled, because "[b]ased on the testimony of the vocational expert, . . . [Plaintiff] is capable of making a successful adjustment to work that exists in significant numbers in the national economy." (Tr. at 20.)

*Whether the VE testimony was substantial evidence to support the ALJ's decision*

9. The ALJ "bears the burden at step five to show that there are jobs in the regional or national economies that the claimant can perform with the limitations the ALJ has found him to have." Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999) (citations omitted). "In a case

3

like this one, the ALJ must cite *examples* of occupations or jobs the individual can do . . . ." Haddock, 196 F.3d at 1088 (citations and internal quotations omitted) (emphasis added). "Determining 'the functional demands and job duties' of specific jobs and matching those requirements to a claimant's limitations is the very task the ALJ must undertake at step five." Haddock, 196 F.3d at 1090.  In completing this task, "the ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] [("DOT")] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."  Haddock, 196 F.3d at 1091 (emphasis added).

10.  During the administrative hearing, the ALJ presented a hypothetical to the VE that included, *inter alia*, the following restrictions and limitations:  (1) limited to occasional stooping; (2) restricted from "work dealing with members of the general public;" (3) no high, fast-pace stress; and (4) claimant is "status post amputation of the ring finger of his right hand and . . . [has] normal grip strength."  (Tr. at 215.)  Based on this hypothetical, the VE "testified that . . . the claimant could work as [sic] light, unskilled jobs such as laundry folder (159, 741 in the US economy, and 509 in NM); cleaner (320,123 in the US economy, and 2,179 in NM); and, vending machine attendant[2] (397,123 in the US economy, and 2,789 in NM)."  (Tr. at 20.)

11.  Plaintiff contends that the VE's testimony regarding the requirements of these jobs

---

[2]Initially, the VE stated that a claimant fitting this hypothetical could work as a "food assembler."  (Tr. at 216.)  However, after Plaintiff's representative questioned the VE about whether someone with Hepatitis C could handle food, the ALJ asked if the VE had "another job to substitute for [food assembler]" if the hypothetical also "exclude[d] [claimant from] food preparation."  (Tr. at 219.)  The VE indicated that "vending machine attendant" met this additional restriction.  (Tr. at 220.)

conflicts with the limitations set forth in the ALJ's hypothetical.  Specifically,  Plaintiff states that the job of laundry folder (titled "Flatwork Tier" in the DOT) requires frequent stooping, whereas the ALJ's hypothetical limits Plaintiff to occasional stooping.  (See Ex. A at 3, attached to Plaintiff's Memo.³)  Plaintiff also points out that the DOT's description of vending machine attendant requires manual dexterity and involves significant contact with people, whereas the ALJ's hypothetical restricts Plaintiff from dealing with the general public.  (See Ex. B at 2 (worker functions), 3 (temperaments).⁴)  Finally, Plaintiff alleges that the cleaner job is inconsistent with the ALJ's hypothetical, because it requires frequent handling and occasional fingering (see Ex. C at 2, 3), where the ALJ found that the amputation of Plaintiff's right ring finger "would significantly restrict his ability to utilize his right hand" (see Memo at 6 (quoting Tr. at 17).)

     12.  Plaintiff correctly points out that a conflict exists between the DOT and the VE's testimony with respect to the job requirements of laundry folder (stooping) and vending machine attendant (dealing with the general public).⁵  Accordingly, the ALJ "should have asked the expert how his testimony as to the . . . requirement[s] of these . . . [two] jobs corresponded with the Dictionary of Occupational Titles, and elicited a reasonable explanation for the discrepancy on

---

    ³All exhibits referenced in this document are attached to Plaintiff's Memo.

    ⁴The DOT also indicates that the job of vending machine attendant requires "significant" manipulation of things, "frequent" handling, and "occasional" fingering.  (Ex. B at 2 (worker functions), 3 (physical demands).)

    ⁵The Commissioner does not attempt to argue that Plaintiff is capable of performing the jobs of laundry folder or vending machine attendant, but asserts that "even if Plaintiff could not perform the[se] jobs . . . he could perform the remaining job of cleaner."  (Defendant's Response to Plaintiff's Motion at 3-4 **[Doc. 13]**.)

th[ese] point[s], before he relied on the expert's opinion that claimant could perform these . . . jobs." Haddock, 196 F.3d at 1089; see also Social Security Ruling 00-4p (emphasizing that ALJs must identify and resolve conflicts between VE evidence and DOT information before relying on VE evidence to support a nondisability determination). Because the ALJ failed to resolve the relevant conflicts, the VE testimony does not constitute substantial evidence regarding Plaintiff's ability to perform the jobs of laundry folder and vending machine attendant.

13. Plaintiff also argues that the VE's testimony conflicted with the DOT regarding the job requirements of cleaner. However, the ALJ neither provided nor elicited enough evidence concerning limitations associated with Plaintiff's right hand to enable the Court to assess whether there *is* a conflict between the DOT and the VE's testimony with respect to such vocational requirements as manual dexterity, handling and/or fingering. See Haddock, 196 F.3d at 1089 (holding that the ALJ failed to elicit sufficient evidence with regard to skills to assess whether a conflict existed between the DOT and VE testimony). Consequently, the Court "cannot say that the ALJ's conclusion that the identified jobs met the [limitations associated with the right hand that] he found the claimant to have is supported by substantial evidence." Id.

14. In addition, the ALJ failed to include or adequately present in his hypothetical to the VE all of Plaintiff's limitations that he found to exist. The ALJ acknowledged that the "amputation of [Plaintiff's] right ring finger would significantly restrict his ability to utilize his right hand" (tr. at 17) and in assessing his RFC, the ALJ found that Plaintiff "does have limitations associated with the amputation of his right ring finger" (tr. at 18). However, when presenting Plaintiff's capabilities to the VE, the ALJ did not specify or describe *any* limitations or restrictions

associated with Plaintiff's amputation.[6]  Nor did the ALJ provide an explanation for not doing so.

15.  "Hypothetical questions should be crafted carefully to reflect a claimant's RFC, as [t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." Wiederholt v. Barnhart, 121 Fed.Appx. 833, 839, 2005 WL 290082, at **4 (10th Cir. Feb. 8, 2005) (not published in the Federal Reporter) (quoting Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991)) (other citations omitted).  "The relatively broad, unspecified nature of the description . . . [status post amputation of the ring finger] does not adequately incorporate the ALJ's additional, more specific finding[]" that Plaintiff has limitations associated with that amputation.[7]  Wiederholt, 121 Fed.Appx. at 839, 2005 WL 290082, at **5.  Thus, for this additional reason,  the VE's testimony that Plaintiff is capable of performing the job of cleaner is not substantial evidence upon which the ALJ may rely.

16.  Because the ALJ failed to develop relevant vocational evidence at step five, did not include or adequately describe all of Plaintiff's limitations in the hypothetical presented to the VE, or resolve conflicts between the VE's testimony and the DOT regarding job requirements, this matter should be remanded for further proceedings.[8]  Finally, in light of the fact that this matter is being remanded for consideration of other evidence, the Commissioner should also consider and

---

[6] The ALJ stated in the hypothetical only that Plaintiff was "status post amputation of the ring finger of his right hand" and had "normal grip strength."  (Tr. at 215.)

[7] The Court notes that despite the ALJ's finding that Plaintiff has limitations associated with his right hand, nowhere in his decision or hypothetical does the ALJ specify the nature or degree of these limitations.

[8] Because this matter is being remanded for other reasons, the Court need not address the issue of whether the job of cleaner exists in significant numbers.

address any evidence, such as Dr. James Schutte's report, regarding Plaintiff's abilities and/or limitations in working with supervisors or co-workers. The Commissioner may seek clarification of opinions or additional evidence as needed, in order to assess Plaintiff's limitations. In remanding this matter, the Court does not intend to rule out the possibility that the degree of impairment associated with Plaintiff's right hand is vocationally minimal or inconsequential, or that Plaintiff's abilities and/or limitations to work with others preclude him from work.

17. Accordingly, Plaintiff's Motion **[Doc. 9]** is GRANTED and this matter is **reversed** and **remanded** to the Commissioner for additional proceedings consistent with this opinion, to include a rehearing for:

A. Development of vocational evidence regarding the impairment and limitations associated with Plaintiff's status post amputation of right ring finger;

B. Consideration of evidence, to include Dr. James Schutte's report, regarding Plaintiff's abilities and/or limitations in working with supervisors and co-workers;

C. Clarification of opinions or the taking of additional evidence as needed to assess Plaintiff's limitations; and

D. Presentation of appropriate hypotheticals to a vocational expert, and resolution of any conflicts between the VE's testimony and the DOT with respect to vocational requirements.

**IT IS SO ORDERED.**

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE